# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **NORMAN LEE,** | * | |
| *Petitioner,* | * | |
| v. | * | Civil Action No. RWT 17-1901 |
| | * | (Related Criminal No. RWT 12-0493) |
| **UNITED STATES OF AMERICA,** | * | |
| *Respondent.* | * | |

## **MEMORANDUM OPINION**

Petitioner filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to the provisions of 28 U.S.C. § 2255 on June 27, 2017.[1]  ECF No. 37.  He challenges his conviction based on the Court's determination at sentencing that Petitioner was a career offender. ECF Nos. 25, 37.  On June 19, 2013, this Court sentenced Petitioner to 188 months imprisonment with four years of supervised release.  ECF No. 25.  Criminal judgment was entered by this Court on June 26, 2013.  *Id.*  On July 1, 2013, Lee filed a Notice of Appeal to the Court of Appeals for the Fourth Circuit.  ECF No. 27.  The Fourth Circuit dismissed his appeal on March 27, 2014.  ECF No. 35.  On July 18, 2017, the Court directed the Government to file a response to Petitioner's Motion to Vacate.  ECF No. 38.  The Government did so in the form of a Motion to Dismiss, arguing, among other things, that Petitioner's Motion to Vacate is untimely filed.  ECF No. 39.  Petitioner filed a Reply to the Government's Motion.  ECF No. 40.

---

[1] The "mail box rule" applies to § 2255 motions.  *Houston v. Lack*, 487 U.S. 266 (1988).  Therefore, the relevant date for the Court's discussion here is when Petitioner placed the Motion in the prison's internal mailing system, which was presumably June 27, 2017, the date Petitioner signed the Motion, and not the date the Court received the Motion, which was July 5, 2017.

Claims under 28 U.S.C. § 2255 are subject to a one-year statute of limitations, which begins to run from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). When a defendant files a direct appeal, the one-year limitations period begins to run when the time for filing a petition for certiorari with the U.S. Supreme Court expires, which is 90 days after the entry of the judgment of the court of appeals. *See Clay v. United States*, 537 U.S. 522, 532 (2003); Sup. Ct. R. 13.1. Because Petitioner's appeal was dismissed on March 27, 2014, the limitations period for filing the Motion to Vacate expired on June 27, 2015.

Petitioner asserts that his Motion to Vacate is excused from the June 27, 2015 deadline under § 2255(f)(3) because the challenge to his conviction is based on a recent U.S. Supreme Court case, *Mathis v. United States*, 136 S. Ct. 2243 (2016). Petitioner argues that *Mathis* established a newly recognized right, which was made retroactively applicable to cases on collateral review by *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016) and *Holt v. United States*, 843 F.3d 720 (7th Cir. 2016), and thus the one-year limitations period did not begin to run until *Mathis* was handed down by the Supreme Court on June 23, 2016. ECF Nos. 37, 40. The Court is unpersuaded by Petitioner's argument.

Section 2255(f)(3) provides that the one-year limitation period shall run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. The Fourth Circuit has clarified that "to obtain the benefit of the limitations period stated in § 2255(f)(3), [a petitioner] must show: (1) that the Supreme Court recognized a new right; (2) that the right 'has been ... made retroactively applicable to cases on collateral review';

and (3) that [the movant] filed his motion within one year of the date on which the Supreme Court recognized the right." *United States v. Mathur*, 685 F.2d 396, 398 (4th Cir. 2012).

Under this standard, Lee cannot utilize § 2255(f)(3) to justify the late filing of his Motion to Vacate. First, *Mathis* did not set forth a new rule of constitutional law.[2] *Mathis*, 136 S. Ct. at 2257 (indicating its decision was based on longstanding precedent). Second, multiple appellate courts have observed that the ruling in *Mathis* did not recognize a "new" right or rule; rather, it merely applied an existing principle to a new set of facts. *See, e.g.*, *Dawkins v. United States,* 829 F.3d 549, 551 (7th Cir. 2016) (holding *Mathis* did not announce a new rule of constitutional law made retroactive by the Supreme Court); *see also United States v. Taylor*, 672 F. App'x 860, 864 (10th Cir. 2016) (*Mathis* did not announce a new rule of law); *Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016) (*Mathis* is neither retroactive nor a new rule of constitutional law). Third, this Court and other district courts have reached similar conclusions. *See, e.g.*, *Haley v. United States*, No. 2:12cr149, 2017 WL 2297022, at *3–4 (E.D. Va. May 24, 2017) (Petitioner cannot rely on the holding in *Mathis* to overcome the limitations bar in § 2255(f)(3)); *Gary v. Kallis*, No. ELH-17-1255, 2017 WL 2242680, at *4 (D. Md. May 23, 2017) (Supreme Court did not establish a new rule of law in *Mathis*); *Adams v. United States*, No. 2:16-cv-00320-GZS, 2017 WL 1040346, at *3 (D. Me. March 16, 2017) (*Mathis* does not apply retroactively as it did not announce a new substantive rule applicable to cases on collateral review).[3]

---

[2] *Mathis*, which held that an Iowa burglary conviction was not a predicate offense under the Armed Career Criminal Act because the elements of the state's burglary statute were broader than the elements of the enumerated offense of generic burglary, simply clarified the application of the modified categorical approach. *Mathis*, 136 S. Ct. at 2257.
[3] The Court also notes that even if *Mathis* was sufficient to trigger § 2255(f)(3), Petitioner's Motion to Vacate likely would still be untimely because *Mathis* was issued on June 23, 2016, and Petitioner signed the Motion on June 27, 2017, four days beyond the one-year expiration date of June 23, 2017.

Furthermore, Petitioner may not rely on *United States v. Hinkle* and *Holt v. United States* to jumpstart the statute of limitations period under § 2255(f)(3). Both rulings were issued by courts of appeals that were not recognized by the U.S. Supreme Court to prompt the application of § 2255(f)(3). *See Hietman v. United States*, No. 3:95-CR-0160-G (04), 2017 WL 3530597, at *2 (N.D. Tex. July 27, 2017). The Court therefore finds Petitioner's Motion to Vacate untimely and, as such, subject to dismissal.[4]

Having concluded that the Motion to Vacate was filed beyond the statute of limitations, the Court will dismiss it as untimely in a separate Order which follows. When dismissal of a Motion to Vacate is based solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). As neither applies here, no certificate of appealability shall issue.

January 16, 2018                                                     /s/
Date                                                                        ROGER W. TITUS
                                                                             UNITED STATES DISTRICT JUDGE

---

[4] The Government argues that Lee's Motion is untimely, his claim is procedurally defaulted, and his challenge to the career offender guideline is not a cognizable claim for § 2255 relief. Because the Court finds the Motion to be time-barred, it need not examine the other arguments raised by the Government.